# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRIS CHARLTON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-15-1235-HE |
| ) | |
| CAROLYN W. COLVIN, acting ) | |
| Commissioner Social Security ) | |
| Administration, ) | |
| ) | |
|     Defendant. ) | |

## REPORT AND RECOMMENDATION

Defendant Acting Commissioner Carolyn W. Colvin (Commissioner) issued a final decision denying Chris Charlton's (Plaintiff) application for supplemental security income under the Social Security Act, and Plaintiff seeks judicial review under 42 U.S.C. § 405(g). Chief United States District Judge Joe Heaton referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3) and Fed. R. Civ. P. 72(b). The undersigned has reviewed the pleadings, administrative record (AR), and parties' briefs, and recommends the court reverse the Commissioner's decision.

**I.    Background and administrative proceedings.**

Plaintiff filed an application for supplemental security income, alleging he became disabled on April 27, 2012. AR 122, 147. The Social Security

Administration ("SSA") denied Plaintiff's claim, and at his request, an Administrative Law Judge (ALJ) conducted a hearing. *Id.* at 31-56. In his February 2014 decision, the ALJ found Plaintiff is not disabled within the Social Security Act's meaning.[1] *Id.* at 15-26. The Appeals Council declined review, *id.* at 1-4, and Plaintiff now seeks review in this Court. Doc. 1.

## II. The ALJ's findings.

Following the well-established five-step inquiry to determine whether a claimant is disabled, the ALJ found Plaintiff: (1) has severe "bilateral hearing loss, generalized anxiety disorder, bipolar disorder, major depressive disorder, and a learning disorder"; (2) has the residual functional capacity (RFC)[2] to perform a full range of exertional work but with non-exertional limitations; and (3) can perform work in the national economy. AR 17-25; *see also* 20 C.F.R. § 416.920(b)-(f); *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps).

---

[1] The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945 (a)(1).

### III. Plaintiff's claims.

Plaintiff raises essentially five challenges to the ALJ's decision. First, Plaintiff alleges the ALJ erred in finding Plaintiff must avoid "'concentrated exposure to **very loud** noises'" when the agency physician's opinion – which the ALJ gave great weight – stated Plaintiff should avoid "'working in areas of concentrated noise.'" Doc. 11, at 2 (emphasis in original) (citations omitted). Second, Plaintiff argues the ALJ gave the agency psychologist's opinion great weight, but then ignored the opinion Plaintiff was markedly limited in his ability to work with the general public. *Id.* at 5. Third, Plaintiff claims the ALJ ignored the same psychologist's opinion Plaintiff's severe anxiety would require an employer to give him "'encouragement'" and "'time to adjust to the work setting.'" *Id.* at 6, 9 (citation omitted). Fourth, Plaintiff alleges the ALJ failed to account for Plaintiff's moderate limitations in concentration, persistence, and pace in the RFC, and argues a limitation to "'simple, routine and repetitive tasks'" did not account for those limitations. *Id.* at 6-9. Fifth and finally, Plaintiff complains the ALJ failed to discuss Plaintiff's low Global Assessment of Functioning scores. *Id.* at 13-15.

The undersigned agrees reversal is necessary on Plaintiff's third ground, and elects not to address the remaining claims. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the

remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").[3]

IV. **Standard for review.**

This Court reviews the Commissioner's final "decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). The ALJ's "failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993) (citation and brackets omitted).

V. **Analysis.**

Plaintiff alleges the ALJ "cherry-picked" the state agency psychologist's opinion, adopting some limitations but ignoring those directly related to Plaintiff's anxiety. Doc. 11, at 5, 6, 9. The undersigned agrees, and finds reversal is warranted.

---

[3] While not addressing the claim on the merits, the undersigned does encourage the ALJ to consider (and discuss) on remand whether Dr. L. Ligon's opinion Plaintiff should avoid "working in areas of concentrated noise," AR 457, is accurately reflected in an RFC prohibiting Plaintiff from working around "concentrated exposure to very loud noises." *Id.* at 20.

## A. Standard for assessing and applying medical opinions.

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s) including [a claimant's] symptoms, diagnosis and prognosis . . . ." 20 C.F.R. § 416.927(a)(2). An ALJ must "give consideration to all the medical opinions in the record. He must also discuss the weight he assigns to such opinions." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citation omitted). And even where, as here, the psychologist is an agency psychologist rather than a treating psychologist, the ALJ must "'provide specific, legitimate reasons for rejecting'" the medical opinion. *Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012) (citation omitted). Further, an ALJ may not "'pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability.'" *Id.* at 1292 (citation omitted).

## B. Dr. Kieth McKee's opinion.

Relevant to Plaintiff's argument, Dr. Kieth McKee, the agency psychologist, opined Plaintiff has bipolar disorder, major depressive disorder, and generalized anxiety disorder. AR 442. Dr. McKee stated:

> Based on the relevant file evidence, both medical and non-medical, [Plaintiff's] signs and symptoms are consistent with his diagnoses of learning, affective, and anxious mental impairments. These impairments impose marked limitations in

5

> his abilities to deal with complex tasks or highly stressful and complex work setting, his ability to be involved in ongoing and consistent interaction with the general public, his ability to deal with numerous and ongoing changes in work duties or daily routines.

*Id.* at 437.

Dr. McKee then opined Plaintiff: (1) "may need encouragement until he becomes familiar with the work environment"; and, (2) "has the capability to be around others during the work day [but] he may need time to adjust to the work setting that is due part to his anxiety but mostly likely increased by his noted hearing impairment." *Id.* Finally, the psychologist opined "[Plaintiff] can adapt to a supportive work environment that is not excessively stressful, does not involve numerous changes in daily work duties or daily routine, and does not require high production standards." *Id.*

### C. The ALJ's application of Dr. McKee's opinion.

The ALJ agreed Plaintiff's bipolar, major depressive, and generalized anxiety disorders are "severe" and gave Dr. McKee's opinion great weight. *Id.* at 17, 24. The ALJ then included in Plaintiff's RFC many of the psychologist's opinions, finding Plaintiff can: (1) "understand, remember, and carry out simple, routine, and repetitive tasks"; (2) "respond appropriately to supervisors, co-workers, . . . but have occasional contact with the general public"; and (3) perform work "that does not require high production

6

standards." *Id.* at 20. However, the ALJ *did not* include Dr. McKee's opinion Plaintiff's anxiety would likely require a "supportive work environment," "encouragement," and "time to adjust to the work setting." *Id.* at 437. Further, the ALJ stated Plaintiff could perform work in "usual work situations," *id.* at 20, while Dr. McKee found Plaintiff can work only in work situations that do not "involve numerous changes in daily work duties or daily routine." *Id.* at 437.

D. **Analysis.**

As noted, an ALJ may not pick and choose through a medical opinion and must explain if he chooses to include some limitations but not others in the RFC. Here, the ALJ incorporated *some* of Dr. McKee's opinions, but either ignored or rejected other limitations directly related to Plaintiff's severe mental impairments – particularly his severe anxiety. Further, the error is not harmless. For example, these limitations could suggest a significant impact on Plaintiff's ability to *maintain* work. *See Chapo*, 682 F.3d at 1290-91 (noting a claimant's inability to work within a schedule or respond appropriately to changes in work settings could "likely interfere with work in almost any setting"); *see also Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994) ("'A finding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that

7

the claimant can find employment and that he can physically perform certain jobs; it also requires a determination that the claimant can *hold* whatever job he finds for a significant period of time.'" (citation and brackets omitted)). Indeed, Plaintiff's vocational expert testified if an "individual would be off task or off pace . . . ." "all jobs would be eliminated." AR 55. So, the undersigned finds the court should reverse the Commissioner's decision and remand for further proceedings. *See Nichols v. Colvin*, No. CIV-14-179-R, 2015 WL 930178, at *1, *3 (W.D. Okla. Mar. 3, 2015) (unpublished district court order) (adopting magistrate judge's finding the ALJ committed reversible error in ignoring psychologist's opinion, including the opinion Plaintiff "'will need special accommodations for this success'" (citation and internal ellipsis omitted)); *Overman v. Colvin*, No. 6:14-CV-01659-BR, 2016 WL 70463, at *9 (D. Or. Jan. 6, 2016) (unpublished district court order) (holding the ALJ committed reversible error in adopting the psychologist's opinion but failing to include in the RFC any reference to the opinion plaintiff would need "accommodations in the worksite that included extra time to complete tasks").

## VI. Recommendation and notice of right to object

Based on the foregoing, the undersigned recommends the court reverse and remand the Commissioner's decision.

The undersigned advises the parties of their right to object to this report and recommendation by the 5th day of September, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 16th day of August, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE